May it please the court and counsel, your honor, your honors, Mr. Mitchell's case has one common element, his is the email litigation, and he had a judgment against him that was a gag judgment that was not entered until November 11th, so slightly more than two years before he filed his suit. We submit that the judgment date was the start date for the claim. We also claim that the judgment on the court of appeals was the date that he had to start his case against the district for his violation of his First Amendment rights. Counsel, he initiated this action on March 28th, 2016, is that correct? Yes, I'm sorry, I was thinking of the other case. Okay, and if that's true, then any action filed before March 28, 2014 would be time barred, right? Yes. Okay. And the decision in the court of appeals was effective on June 1st, slightly more than two years before this lawsuit was filed. And we submit that it's a continuing tort to continue to gag Mr. Mitchell for this period of time and every day that he's violated. In the cases of Wallace v. Cato and Heck v. Humphrey, a U.S. Supreme Court case, 512 U.S. 477, and were all cases in which they very clearly said that in cases involving false imprisonment, the commencement date of the claim starts when you get released. So his speech was imprisoned, basically. The same rules should apply here. There's cases in the Ninth Circuit that do describe when there's a continuing tort, nuisance cases that are continuing in nature, for example, that the cause of action continues during the time that the nuisance is continuing, and certainly this case is analogous. I could not find any cases that suggested that when there's a continuing tort, that when the action is continuing against him, that the initiation date was the date that his commencement, his statute started to run. But you do agree, based upon our initial conversation or question, that anything that was filed before March 28, 2014 is time barred, because this litigation was started March 28, 2016. The continuing tort doctrine does not hold that. The continuing tort doctrine says everything that's included in the continuation of the tort is included in your damage claim. I understand. But are you going back on what you said initially about whether something was time barred before? I misspoke myself, Your Honor. I forgot I wanted to refer to the continuing tort theory, because this is what this is. During the entire time he was gagged, that's an offense. Just like the girls that got kidnapped in back east. They were in prison for the — falsely in prison for years. They couldn't speak either. Their action for false imprisonment started when they got their freedom finally accrued. The only act occurring on or after March 28, 2014, is a continuation of an earlier lawsuit. You had sued earlier, before the running of the statute of limitations. And you had an appellate decision after. So how can you say this is a continuing wrong? The wrong was allegedly starting the lawsuit, and that occurred outside the limitations period. No. The lawsuit didn't seek to gag him. That was a judgment that they got that judgment on after the dismissal of the judgment of the email litigation. But the gag order could have been challenged at the time. We filed the motions for relief from the state of the order, and the Court denied that. Well, that's on the merits. That doesn't say when it occurred. In other words, if it was challengeable, even if unsuccessfully, I mean, the very fact that you challenged it demonstrates that it was a one-time occurrence, the issuance of the order. His claim wasn't complete until he got the order, relifting the order. How would he — he has to — he could prove that it was a wrongful gag order once he got the relief from the court of appeals. His claim wasn't complete, and there are cases that support that view. That again seems to presuppose that in order for the time to accrue, you have to be successful, and that's not the rule. The question is whether the gag order is an event that occurs that is subject to challenge at the time, and it may have continuing effects, just like a judgment has continuing effects or anything else does. But I don't understand why lack of success makes the time go longer. This is the same as a false imprisonment case. What if the gentleman's being water tortured? Every day he's tortured is another offense. Every day his speech has been gagged is another offense. Yes, except that the equivalent really here is someone saying, we now allow that you be tortured, and that's the judgment, and that can be appealed at the time that it's issued. And it doesn't mean that — I guess I have difficulty with your analogy. That's all I'm saying. Well, you're using — if a gentleman shoots somebody, the shot and the injury is of singular injury. If he shoots him every day, that's not the same thing. And this is — you can't use the singular injury example against a continuing injury that goes on and on and on. I understand your position. You've actually exceeded your time, but you may have a minute for rebuttal. Okay. Mr. Frey? Blake Frey for the appellees. May it please the Court? Beginning after the appellant left office in 2009, the district tried to recover e-mails that he had taken. That is the subject of the so-called e-mail lawsuit. Eventually, in 2011, the district filed an injunctive order seeking return of those e-mails. Now, that request for an injunction was denied, but the court did order that he could not publicly disclose the e-mails. That's the so-called gag order. Ostensibly, the retaliatory act is the act of the district asking the court for an injunction that prevented Mr. Mitchell from disclosing those e-mails publicly. That injunction was sought in 2011. The argument here is that his claim is timely because the injunction wasn't lifted until 2014, but the rule in a retaliation claim and in any Section 1983 claim is if the claim accrues with the retaliatory act, as long as the retaliatory act is separately actionable on its own. Disregarding issues of immunity, if the district sought an injunction seeking to prevent Mr. Mitchell from disclosing those e-mails publicly, that is an, and if that can form the basis of a retaliation claim, the claim accrued whenever the district sought the injunction. The district didn't issue the court order. The so-called gag order was in effect because of a court order. Because if the seeking the injunction is, can be the basis of a retaliation claim, that claim is outside of the statute of limitations, and it doesn't matter, and this is the subject of a Supreme Court decision, for example, Morgan v. Amtrak, even if that alleged retaliatory act is related to other retaliatory acts that are within the statute of limitations, it's still time-barred. The only time where a retaliatory act is not time-barred, where the continuing violations theory can apply, is, for example, in a hostile work environment claim, where the hostile work environment by definition cannot consist of a single act. It has to be, it has to consist of the aggregate of either discriminatory or retaliatory acts. In that circumstance, as long as you have one act that is within the limitations period that you are alleging comprises the hostile work environment, then the other acts that are outside the limitations period can be used to support the retaliation claim, or I'm sorry, the hostile environment claim. But again, that's not what we have here. We have one alleged discreet retaliatory act. The claim accrued in 2011 with ostensibly the district seeking to prevent Mr. Mitchell from releasing those e-mails publicly. If that is sufficient to maintain a retaliation claim, then it's outside of the statute of limitations. And it doesn't matter that it's related to any of the other alleged retaliatory acts that Mr. Mitchell has based his other retaliation claims on. In addition to the time issues, the district court also decided to dismiss the complaint on the grounds of Noor-Pennington immunity, which we talked about earlier. We have the only timely, the only claims of retaliation that are within the limitations period that  And we have the only time issue of retaliation for successful defense of an election challenge that Mr. Mitchell made. And the refusal to pay Mr. Mitchell fees that he incurred and successfully ---- Sotomayor, that petition was filed before the statute expired, after the statute expired, the petition for fees for the district's successful defense of Mr. Mitchell's election challenge was filed within the statute of limitations. But what the district court found, though the district's seeking of fee petitions, its successful seeking of fee petitions was not a sham, and that the allegations in the complaint otherwise were totally conclusory. Thank you. Thank you, counsel. You may have one minute for rebuttal. Thank you. May I refer to the second claim for relief that involved the $54,000 attorney fee lien claim by the district? Mr. Mitchell filed an election challenge that was valid, justifiable, and should have been, he should have prevailed. The court didn't follow the law. The court, I'm not sure what the reasons were, but he had a valid claim. The district had no right to participate in the election challenge. The Supreme Court of Oregon has made that ruling already that districts do not have the standing to participate in election challenge. Only the participants in the election can be involved in an election challenge case. They intervened unlawfully. They were unlawfully granted intervention status by the trial court, and then they claimed they had no interest in the litigation, yet they were supporting the candidates that prevailed on the election. If my client had prevailed and these illegal voters were denied the vote, they would have to do a re-vote, and those members were not properly seated on the board. It was a valid dispute that my client made. There was no justifiable defense to it. The contestees didn't appear in the case, and the case was sham and frivolous. When was your client's application denied? It was within a few, well, here's what happened. What year? His application — What year? His suit was filed within a few months of the judgment for attorney fees, well within the two-year period. He did not have a judgment against him until well within the two-year limitation. And what they're claiming was that the date they filed the claim for attorney fees in the election challenge lawsuit when they were wrongfully allowed to be interveners, that that was the date that he should have sued them for violence. But they didn't have a judgment yet. So he couldn't sue them for that until they got one. He didn't think they would get one. They weren't a proper party. They didn't have standing. How do you give people standing money when they're not a participant in the lawsuit? They were like a friend of the court, basically. And friends of the court don't get prevailing party fees. They're not really a party. Thank you, counsel. Thank you. Your time has expired. Thank both counsel for their efforts, and the case just argued is submitted for decision. We will take about a 10-minute recess before hearing the remainder of the docket. Thank you. Thank you.
judges: Graber, M. Smith, Hellerstein